
CLERK'S OFFICE U.S. DIST. COURT AT ROANOKE, VA FILED JUN 13 2005 JOHN F. CORCORAN, CLERK BY: OT DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| BERNARD BARNETT,<br>    Petitioner, | Civil Action No. 7:05-cv-00356 |
| v. | **MEMORANDUM OPINION** |
| B.A. BLEDSOE,<br>    Respondent. | By: Jackson L. Kiser<br>Senior U.S. District Judge |

Petitioner Bernard Barnett, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2241. Barnett requests re-sentencing as a result of the new rules announced in the Supreme Court's opinions in Blakely v. Washington, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005). Upon review of the petition, the court concludes that Barnett has failed to demonstrate entitlement to relief under § 2241 and that his petition must be construed, filed and dismissed without prejudice as a successive motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.

### I. Procedural History

Barnett was convicted in 1992, in the Southern District of New York, of conspiracy with intent to distribute heroin and cocaine base, possession and use of a firearm in the commission of a drug trafficking offense, and receiving a firearm after a conviction punishable by imprisonment for more than one year. At sentencing, the court determined that Barnett was a career offender and sentenced him to life. Barnett filed a direct appeal in the United States Court of Appeals for the Second Circuit which affirmed his convictions in December 1994. He subsequently filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 in that court, which was denied on June 11, 1997. Petitioner then filed a motion in the United States Court of Appeals for the Second Circuit to allow the United States District Court for the Southern District of New York to consider a successive § 2255 motion. That motion was denied in June 2002. Barnett then filed a

Dockets.Justia.com

petition pursuant to 28 U.S.C. § 2241 in this court, which was construed as a successive § 2255 and dismissed on October 20, 2004. In the instant § 2241 petition, Barnett requests re-sentencing as a result of what he alleges to be new constitutional rules announced in the Supreme Court's opinions in Blakely v. Washington, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 543 U.S. ___ (2005).

## II.   Analysis

Barnett seems to argue that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention because he has no opportunity to obtain judicial correction as to the new rule established in Blakely because he has filed numerous prior § 2255s. Thus, any new petition would be dismissed as successive. However, a district court may not entertain such a claim in a § 2241 petition, unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). The Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to §2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Considering Barnett's petition in light of this standard, it is clear that he cannot proceed under § 2241. With respect to the second prong of the Jones test, the court must determine whether the substantive law relating to Barnett's offenses has changed such that the conduct for which he was convicted is no longer considered to be "criminal." A review of current federal law clearly shows conspiracy with intent to distribute heroin and cocaine base, possession and

2

use of a firearm in the commission of a drug trafficking offense, and receiving a firearm after conviction punishable by imprisonment for more than one year are still punishable crimes. See 21 U.S.C. § 841; 18 U.S.C. §§ 924(c), 922(g)(1). Thus, Barnett is unable to satisfy the second prong of the Jones test necessary for this court to find that he may proceed under § 2241 with his petition for writ of habeas corpus. Accordingly, as Barnett cannot demonstrate that § 2255 is an inadequate or ineffective remedy to test the legality of his detention, relief under § 2241 cannot be granted.

As the court may not consider Barnett's claims under § 2241, the court will construe his petition as a § 2255 motion. Section 2255 motions must be brought in the court which imposed the sentence. See 28 U.S.C. § 2255; see also Swain, 430 U.S. at 378. This court could transfer Barnett's § 2255 motion to the Southern District of New York. However, Barnett has already filed at least one § 2255 motion in that court. To file a second such motion in the district court, he must receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. § 2255. Where petitioner does not demonstrate that the court of appeals has issued him pre-filing authorization to submit a second or successive § 2255 motion, the district court has no jurisdiction to consider the merits of his § 2255 claims. Accordingly, this court cannot find that transfer of a clearly successive § 2255 motion to the sentencing court furthers the interests of justice. See, e.g., Dutton v. Warden, FCI Estill, No. 01-6811, 2002 WL 255520 (4th Cir. 2002) (unpublished) (affirming district court's refusal to transfer successive § 2255 motion to the sentencing court where petitioner failed to plead pre-filing authorization).

Barnett's § 2255 motion is clearly successive, as the district court denied his previous § 2255, and the court of appeals has denied his successive motions for consideration under § 2255. Barnett does not allege that he received pre-filing authorization from the Second Circuit to file a successive § 2255 motion. Therefore, transferring his § 2255 motion to the United States District Court for the Southern District of New York would not comport with judicial economy because that court could not entertain his motion. Accordingly, to the extent that the instant petition can

3

be construed as one brought pursuant to § 2255, this court declines to transfer Barnett's motion and dismisses it without prejudice as successive.

### III. Conclusion

Based on the foregoing, I find that petitioner has failed to demonstrate entitlement to relief under § 2241 and that his petition must be construed, filed and dismissed without prejudice as a successive motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed +to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This _____ day of June, 2005.

_____
Senior United States District Judge